UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEWIS DOUGLAS,

        Petitioner,

                                    Case No. 07-CV-14768
v.                                  Honorable George Caram Steeh

HUGH WOLFENBARGER,

        Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

**I.    Introduction**

Petitioner Lewis Douglas, a state inmate, currently incarcerated at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Respondent argues in its answer that Petitioner's petition was not timely filed under 28 U.S.C. § 2244(d)(1). For the reasons stated below, the Court denies Petitioner's petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**II.    Facts and Procedural History**

Following a jury trial in Oakland County, Michigan, Circuit Court, Petitioner was convicted of one count of first-degree murder, MICH.COMP.LAWS § 750.316. For that conviction, Petitioner was sentenced to life imprisonment.

Petitioner indicates in his petition that he properly filed his right of appeal in the Michigan Court of Appeals, which confirmed his conviction and sentence. *People v. Lewis Douglas*, No. 20908 (Mich.Ct.App. July 8, 1977). Subsequently, Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied on June 13, 1980. *People v. Lewis Douglas*, 408 Mich. 954, ___ NW2d ___ (1980). On August 7, 2006, Petitioner then filed a civil action, a writ of state habeas corpus, challenging his conviction and sentence, in the Macomb County Circuit Court, alleging that the Oakland County trial court did not have jurisdiction to try him in 1974.

On August 21, 2006, the Macomb County trial court denied Petitioner's request for a writ of habeas corpus. *People v. Lewis Douglas*, No. 2006-3391-AH (Macomb County Circuit Court, Aug. 21, 2006). Subsequently, Petitioner filed an application for leave to appeal from that decision in the Michigan Court of Appeals, which was denied on April 23, 2007. *People v. Lewis Douglas*, No. 273659 (Mich.App.Ct. April 23, 2007). Petitioner then filed an application for leave to appeal that decision in the Michigan Supreme Court, which was denied. *People v. Lewis Douglas*, 480 Mich. 856, 737 N.W.2d 721 (2007).

On November 1, 2007, Petitioner signed and dated his petition for a writ of habeas corpus, which was filed in this Court on November 6, 2007. In his petition, Petitioner challenges his convictions and sentences on the following grounds:

    I.    Does the state constitution article III section VII prohibit the application of the common-law doctrine of merger to

> charges of armed robbery, M.C.L. 750.529 and M.C.L. 750.316b, when the warrant, complaint and information charged [Petitioner] with felony murder?
>
> II. Does the application of the common-law felony murder and merger doctrine to M.C.L. 750.529 and M.C.L. 750.316b constitute the illegal delegation of legislative power, contrary to Michigan Constitution, Art. IV § 1?
>
> III. Did the Oakland County Circuit Court have the authority to acquire jurisdiction over an information applying the common-law doctrine of merger, contrary to Michigan's abrogation of the doctrine?
>
> IV. Does the United States Constitution Supremacy Clause article IV § 2 bar the application of the doctrine of merger to state penal statutes, resulting in exemption of notice of the statutory penal code, contrary to the Sixth Amendment of the United States Constitution?
>
> V. Does the XII Amendment of the United States Constitution prohibit [Petitioner] confinement, where [Petitioner] has not been "duly" convicted of a crime by a court that possess subject matter jurisdiction?

## III. Analysis

### A. Statute of Limitations

Respondent argues that Petitioner's petition should be denied because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas corpus relief was filed after April 24, 1996. Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

-3-

The statute of limitations runs from the latest of: a) the date on which the judgment became final, i.e., when time for seeking direct review has expired; b) the date on which any impediment to filing the application was removed by the state; c) the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; and d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Concerning § 2244(d)(1)(A) and a state-court-direct appeal, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP.CT.R.13.

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward any period of limitation contained in the statute. A post-conviction relief petition is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is effective only when collateral review is properly sought within the limitations period. *Id.*

Concerning a petition for state post-conviction relief, the one-year statute of limitations is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve

to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir.2003).

In the pending case, Petitioner did not file his application for writ of habeas corpus within the statute of limitations. Petitioner was sentenced on April 23, 1974. Petitioner did not file any post-conviction motions until over thirty years had expired after his sentence was imposed. Because Petitioner's conviction and sentence occurred prior to the enactment of the AEDPA, Petitioner had until April 24, 1997, in which to file his habeas petition.

However, Petitioner did not file any request for relief until he filed his habeas corpus petition in the Macomb County Circuit Court on August 7, 2006–nine years after the statute of limitations had expired. Petitioner's filing of the 2006 post-conviction motion does not reset the statute of limitations period in this case. The one-year limitations period had expired well before Petitioner sought state post-conviction review. A state-court-post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Thus, Petitioner's state-post-conviction proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999).

In this case, Petitioner's application for writ of habeas corpus, signed November 1, 2007, was filed ten years after the expiration of the one-year statute of limitations. Petitioner attempts to argue in his petition that the state created an impediment to his properly filing a post-conviction motion by failing to provide him with the transcripts to his proceedings. However,

the Court finds that Petitioner has not presented any evidence to support his contention. Nor has Petitioner made any argument to support equitable tolling on any other grounds. Thus, the Court finds that Petitioner is barred from habeas corpus relief by the untimely filing of his petition.

## IV. Conclusion

For the above-stated reasons, the Court finds that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue; an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. There, no appeal is warranted. *Id.*

The Court is satisfied that a reasonable jurist could not find the Court's procedural ruling debatable. No certificate of appealability is warranted. Nor should Petitioner be granted leave to

proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

**ACCORDINGLY**,

**IT IS ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.

Dated: July 9, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 9, 2008, by electronic and/or ordinary mail.

S/Marcia Beauchemin
Deputy Clerk